Number 182075, Luis A. Feliciano-Munoz et al. versus Fred J. Rebarber-Ocasio. Mr. Olo, good morning. Morning, Your Honor. Good morning to the Honorable Court. May I reserve five minutes for rebuttal, Your Honor? Yes, you may. Feliciano-Munoz made fact-specific allegations on his breach of contract claim, which should not have been dismissed by the district court, irrespective of whether Feliciano-Munoz has another claim for incidental dolo or deceit in the contractual formation. I understand the argument that the original complaint alleged a breach of contract. Is it your contention that it also alternatively alleged dolo? Well, not in the original complaint, but on the proposed pretrial order appellant proposed in the alternative, in addition to his breach of contract claim, a deceit claim on incidental dolo. And is your contention that that brought the dolo claim into the case? Well, inasmuch as the district court did not rule on the pretrial order, there was not a pretrial conference, well, that additional claim has not been yet ratified by the court. But on the other hand, the defendant appellee did not object to it on the proposed pretrial order. However, What page of the appendix is that pretrial order on? Thirty. Thirty. With respect to the dolo claim, just something that's confusing me is the court seemed to treat the dolo claim as a dolo claim while challenging the formation of the contract. Yes, Your Honor. So you don't view it that way, correct? We are not challenging the validity of the contract. We are, the main claim is. Because if you were, you couldn't get the damages that you want, right? Correct, Your Honor. You're trying to enforce the contract. Correct, that's what we want. So just a simple point, even if the dolo claim is in, the ground the court gave for rejecting the dolo claim was that it treated the dolo claim as a claim about formation. Yes. But I take it you say that's just not a plausible construction of the complaint, that you were making a dolo claim challenging formation. Is that right? Well, there's two types of dolo formation. In the alternative, appellant is arguing or alleging that it's during the formation, but it's incidental, in which case he will not request the invalidation of the contract, but just the damages that thereby arise. What he did pay compared to what he should have paid. Correct, correct. What do you have to say about the Rios-Campbell case in connection with the issue of making a motion for summary judgment and a motion to dismiss? I am not prepared to argue that, Your Honor. Maybe I'm looking at the wrong case.  Isn't that an issue here? I was handed Munoz versus. Maybe I didn't hear the vote well. Conversion of the motion for summary judgment by this record into a motion to dismiss. They dismiss on the dolo claim under 12B6, even though it was coming up as a summary judgment motion. Correct, correct. That's the facts of the case. So do you have a problem with them doing that? Well, I don't think it's the way to do it. It was never requested by defendant appellee here. They never requested it. Wasn't that an issue in this case? No, it wasn't an issue until the judge brought it to us. Well, no matter who brought it up, it's still an issue. Now it's an issue on appeal. Now it's a triple issue. Yes, Your Honor. What do you have to say about that? We believe the district court should not have dismissed in a summary judgment motion a matter under 12B6. Well, isn't your argument that the original complaint didn't state a dolo claim? So if we're looking at the original complaint, that the 12B6 would have been correct, but that the parties had agreed to bring in the dolo claim through the pre-trial, proposed pre-trial order, right? Well, Your Honor, the parties did not agree to it, but the rest of your statement is correct. Well, didn't they agree as to what the plaintiff was asserting in the pre-trial order? No, there was not such agreement, Your Honor. Well, then what am I supposed to get out of the pre-trial order? I'm confused. The pre-trial order was never – there's not a pre-trial order. It was a proposed pre-trial order. There was never a pre-trial conference, and the judge never issued a pre-trial order. But didn't both parties agree to the proposed pre-trial order? Am I mistaken? No, Your Honor, I don't understand that there was any agreement. No, but people propose a pre-trial order. They get together. They propose a pre-trial order as a district court, describing the contentions of each side, right? Correct, Your Honor. So what we have here, beginning on page 30 of the appendix, is a proposed pre-trial order. Is that proposed order agreed to by both parties? Yes, Your Honor. I'm sorry. And that proposed pre-trial order, as I understand it, describes the plaintiff as asserting a Dello claim. In addition to the breach of contract. Yeah, in addition to the breach of contract. Yes, Your Honor. So it seems to me your theory is that the parties agreed that the Dello claim was part of the case, which would suggest that a dismissal under 12B6, because it wasn't perhaps in the original complaint, was mistaken. Correct, Your Honor. But am I right that the judge below dismissed the breach of contract claim under 12B6? Yes. And that's a separate point of concern for you, right? Yes, Your Honor. But I guess I'm trying to figure out how to think about that. The judge seemed to be under the view that there was only a Dello claim in the case. Correct. Well, if the judge is of that view in entertaining the motion for summary judgment, I take it the judge in referencing 12B6 could be understood to just be saying all that was ever pled was a Dello claim. So when we just look at that, either that's correct or not correct. That's the conclusion of the judge. Okay. Then your view is that if I just look at the face of the complaint as amended and as it developed, there's no indication that the breach of contract claim that you claim was pled ever dropped out. All right. And so that aspect of the district court's order is just error because it was a breach of contract claim and there's never been a reason given for why the breach of contract claim was dismissed. Correct, Your Honor. Okay. And if that's right, then even if you lose on a Dello claim, could you just explain to me in your view what the difference between the Dello claim and the breach of contract claim is? Because I have to say I'm having trouble grasping what the distinction between the two might be if you're not challenging the formation of the contract, the existence of the contract. In the breach of contract, we have specific clauses that allow the appellant to. But your misrepresentation claims with respect to the Dello claim depend on the existence of those same provisions, don't they? They interrelate, Your Honor. I'm trying to see is there any way in which they can be disentangled? How does the Dello claim distinguish itself from the breach of contract claim? No, only the additional fact about the deceit and the thing that the remedy will be damages vis-a-vis the remedies in the breach of contract, the specific amount of the repairs and expenses which may overlap. The difference is that under the Dello claim, the measure of damages would be what you paid versus what you should have paid, whereas in the breach of warranty, it's the cost of doing the repairs to the airplanes. Yes, Your Honor. And which is going to be greater of those two costs? I believe the breach of claim. So the Dello claim is kind of a neither... It's not the main cause of action, definitely. So are you asking us to, what do you want us to do with the breach of contract claim? In other words, the lower court treated it as if it didn't exist, so we could vacate and remand saying, no, on the face of it, there is one. Now, rule on summary judgment as to whether it survives or not. Is that all you want us to do? Yes, Your Honor. We have no basis for doing more than that, do we? Correct. We want a different statement on the breach of contract claim. Well, you want us to also reinstate the Dello claim, right? Yes, but mainly the breach of contract. We can't live without the Dello claim. If we conclude that the face of the complaint pled a breach of contract claim, do we need to address whether on summary judgment that breach of contract claim survives? Or is that not at issue on appeal? All we do is vacate and remand if we think the lower court erred in concluding that there was no breach of contract claim at all pled. Do you see what I'm asking? Well, Your Honor, I believe that in his opposition to the summary judgment, the defendant appellee does argue that there is no breach of contract claim well pleaded, basically, in the motion for summary judgment. But do they get into that? Is there anything before us about whether the summary judgment standard is met with respect to that claim, if it exists? No. So we just vacate and remand, and that goes back to the court below if we think there was a claim pled. Okay. Thank you. Thank you, Your Honor. Mr. Mercado, good morning. Good morning, Your Honors. May it please the Court. My name is Carlos Mercado-Rivera. I represent the appellee in this case, Mr. Fred Rivar-Verocassi. Before we go into the merits, I'm going to ask you the same question you asked before. We have a case, Rios-Campos, are you familiar with it? Excuse me? Rios-Campos. Rios-Campos. We have it here. In which we say, I'm going to quote, we know of no authority that allows for the reverse conversion of a summary judgment motion into a motion to dismiss for failure to state a claim. Okay. I'm not familiar with the contents of that case, but I can argue about it. I think that irrespectively, if it is a deceit claim or if it is breach of contract, which have the same elements up to a certain point, there was no evidence here in this case by the appellant to sustain, to impeach the summary judgment. Sixty-five facts were submitted. Wait a second. Was your summary judgment theory based with respect to the breach of contract claim that it wasn't pleaded in the complaint? The summary judgment was directed to the facts of the case. Sixty-five uncontested facts were proposed. Of those 65, only four were denied by the appellant. And all of those, those four. Is what you're saying that you weren't arguing in the summary judgment motion that the complaint on breach of contract was deficient? The breach of contract was not sufficient, obviously, because. Did you argue that the complaint as to the breach of contract claim was deficient? No, we didn't. And the district court was incorrect in finding that the original complaint did not allege a breach of contract, right? No, they weren't, because there were no elements of the breach of contract. What about the representation about being able to have licenses? That the claims would qualify enough that they would be. All of the facts were admitted by Mr. Feliciano. On the complaint. Okay. In the complaint. Just looking at the complaint. The lower court dismisses the breach of contract claim under 12b-6. Despite you not asking, apparently, for the court to do that. So just looking at the complaint. Okay. Does the complaint allege a breach of contract claim? Yes. Okay. So the lower court, in your view, erred in dismissing the breach of contract claim for failure to state a claim. No, not really. They didn't err. Now you're talking about summary judgment of what the facts were. On the complaint. On the complaint, it was alleged that there was a breach of contract. Right. And the court dismissed the breach of contract. And why did it? And also got into the, further, it got into the deceit, and they also said that they didn't, you know, that there was no deceit. Right. So. Putting aside the deceit. Uh-huh. When the lower court dismissed the breach of contract claim under 12b-6. They were correct. They were correct because there were no elements of that breach of contract. But you can see that the complaint did set forth a breach of contract claim. The complaint was alleging breach of contract. Well, what makes you think it was? Well, they were saying that my client, that the appellee made representations to the appellant of the condition of the airplanes and of different, and of the number of pilots to be used by the airline. Those were allegations in the complaint for alleging breach of contract. And the admissions. Forget, just stopping right there. Okay. Just at that point, you can see, just reading the complaint, it was alleging, we take the allegations to be true, the elements of a breach of contract claim. Yeah. Nonetheless, the lower court dismissed it under 12b-6 for failing to do that. That is correct. That would seem to be error. And then we would vacate remand, and then you can have a fight about whether or not, despite it having alleged it, if you want to move for summary judgment, you can move for summary judgment, and then the lower court can evaluate whether the breach of contract claim survives or not. But none of that's happened yet. It's the breach of contract claim, because by your own account, even though the breach of contract claim was alleged, the lower court concluded it was not. No, not that it was not alleged. It concluded that more than that allegation, there was a deceit allegation also. They didn't discard, because the elements are the same. They just moved to, in the benefit to the appellant, they said, maybe you wanted to say it was a deceit. And even as a deceit, they discarded the complaint. Well, just look at the face of the complaint. What is the complaint lacking with respect to a breach of contract claim? What is the complaint lacking? With respect to the breach of contract claim. What's missing? What makes the allegations in the complaint insufficient to make out a breach of contract claim? I don't think that it is insufficient. They were alleging breach of contract. The only thing is that one of the elements of the breach of contract, which is precisely that a contract was breached, they decided that. Assume for the moment that the complaint did allege a breach of contract. Yes. What was your theory on summary judgment as to why you should get summary judgment on the breach of contract claim? Okay, because the admissions of the appellant contradict the breach of contract. There was no breach of contract. But there were no representations by my client to the appellant of the conditions of the airplanes or anything else. He admitted. He said there were no allegations. I mean, there was no representations. So they were alleging breach of contract because of the representations made by my client. But they recognized in the request for admissions that he didn't. Not on the breach of contract. The breach of contract claim is that the contract alleged that the planes were in condition that would qualify them for licenses. And then the breach is that they weren't. Both. He alleged both. That it was verbally. Correct. Put aside that. Verbally and in the contract. But there's nothing in the contract that says about the conditions of the airplanes. There's the clause that he cites in the contract that represents that they, that the planes that he is taking over from the company qualify for the licenses that you need from the FAA. Well, that is, first of all, our contention is that the stock purchase agreement is just that. A stock purchase agreement. He spoke about purchase of stocks, of percentage of stocks. It didn't mention anything, anything in that stock purchase agreement about airplanes, about pilots, about aircrafts. Nothing in that contract says that. The only place where it says, as you say, that had the licenses, it doesn't refer to the licenses of the airline. It says the license of the corporation, the permits of the corporation. But even considering that, that it was referred to the airline, the airline, in fact, had all the permits. But now you're past the 12B6 point when you say in fact. Because the allegation is that it didn't. The allegation. So for 12B6 purposes, it doesn't matter if you can make a case that on the record you win. We just look at the allegations, we take it as true. And the allegation was that there was a breach of contract, in which I thought you said you agree. He did make out a breach of contract claim in the complaint. Yes. Well, that's not based on the verbal representation. That's based on the clause in the contract that he says Trick talks about the licenses of the airplane. Well, he interprets that that clause of the contract says about the licenses of the airplane. Forget about the contract. For purposes of a motion to dismiss, you look only at the complaint. And this is what it says on Paragraph 7 of the complaint. The condition of such aircraft was not in compliance with the applicable Federal Aviation Administration regulations, which place the licenses and permits at risk, et cetera, et cetera. Why isn't that sufficient to state a cause of action for breach of contract, assuming it's true? Okay, assuming that it is true, it is a breach of contract. Of course, right now we're getting into the merits. We still haven't gotten through the first part, which is does the change of a motion from summary judgment to a motion to dismiss allowed, according to that case that I cited to you? I understand what you're saying. Okay. Since they're the same elements in those two allegations, either breach of contract or deceit, I think it's proper for the court to have resolved the way they did. I think that according to the summary judgment rule, it was sufficient. It was proper. Could I ask you a question about the other theory, the DELO theory here? The district court, as I understand it, granted summary judgment on the DELO theory because the plaintiff was a sophisticated purchaser and there was no reasonable reliance on the representations. That's the theory by the district court, right? That was their rationale. Why doesn't that present a genuine issue of material fact that can't be disposed of on summary judgment? Well, it is not because he had, as the court said, he had three experts to help him. So he was a sophisticated buyer. That is not a material fact to be treated by a jury. That's a fact. You know why? Because he hired three experts and he disregarded their advice. As a matter of fact, one of them told him, walk out of the deal, and he threw knowledge to the wind, like the court says, and he continued with the deal. Because you're a sophisticated buyer, you can't rely on explicit representations by the other party that the aircraft are in compliance with FAA regulations? Well, he shouldn't go to the representation just from the seller. He had three experts. He had experience. So and one of them told him. So if you're a sophisticated buyer, you're not supposed to believe what the other party says. Well, a sophisticated buyer should know by himself, and he was a sophisticated buyer. But even more, he had three experts. Why aren't those jury questions? Why are not jury questions? Isn't that something that should be decided by a jury rather than by a single judge hearing a motion? We'll call it a motion for summary judgment. Okay. What would be the jury question? Well, I think this shouldn't go to the jury. I mean, is the question of whether you're a sophisticated buyer a jury question, or is that a legal question? It's a legal question. So what's the test for whether you are one or not, and why does he fail it? Excuse me? If it's a legal question, that would be a reason not to give it to the jury. Yes. So what are we supposed to look to to determine whether, as a matter of law, he's a sophisticated buyer? You said just because experts were consulted, that makes him a sophisticated buyer? Well, because the case, the cases which decide about that, that fact, for example, it says in determining whether the plaintiff reasonably relied on the false representation, Puerto Rico courts placed considerable weight on the education, social background, economic status, and business experience of the party alleging deceit. Okay, but there's two questions here. One is whether he's a sophisticated buyer, and two is whether the fact that he's a sophisticated buyer means that he can't rely on explicit representations made by the other party. Maybe, maybe there's enough evidence here to grant summary judgment on the fact that this guy's a sophisticated buyer. I just don't understand the second step, how the fact that you're a sophisticated buyer means that you shouldn't believe explicit representations made by the other side. Yes, but, Your Honor, even if there was a question about sophisticated buyers, the experts he hired, which one of them advised him to walk out of the deal, and he disregarded that, and he kept on with the deal. All right. Obviously, he was. Round up your argument because your time is up. Okay, Your Honors, obviously, first of all, there was no broken airplanes. Before, I'm sorry, just on the last point that Judge Dyke just asked you about, in the same case, Citibank, that announces the test, we say in that case that the litigant there maintains that the Puerto Rico Supreme Court has been expanding the law of dolo, and that's increasingly viewing failures to speak during contract negotiations with a jaundiced eye, even when the party seeking to avoid a contract is sophisticated. Do you have a view on how we're supposed to think about what the state of Puerto Rico law is with respect to the question Judge Dyke asks, which is if you're a sophisticated buyer, does that under Puerto Rico law just end it, and you can misrepresent all you want to the sophisticated buyer, and it's on to him? It is not just only the sophisticated buyer. It says that you reasonably rely on the other part of the case. Right, and the question is why doesn't that present at least a jury question? Well, because there's enough evidence that he's a sophisticated buyer, and furthermore, he had more people to advise him, so it is obvious that he was relying only on the seller's representations, so that is not reasonable, and that's the other part of the doctrine here is to be reasonable reliance standard. If you believe only in the seller when you have the experience and you have your experts, you're not being reasonable, and that's not something to be decided by a jury. That's something of law.  Okay, you're welcome. Thank you. Thank you.